FEB-23-2006(THU) 12:04    ONE LEGAL INC                (FAX) 415 437 9684    P. 003/006
Case 4:06-cv-01278-CW    Document 1    Filed 02/22/2006    Page 1 of 6

02/22/2006  10:35    707-769-2999        WILLIAMS WESTER HALL            PAGE  05/10

1  Barry F. Wester, Esq. (103588)
   Matthew D. Brekhus, Esq. (119251)
2  FLYNN, WILLIAMS, WESTER & HALL, LLP
   775 Baywood Drive, Suite 305
3  Petaluma, CA  94954
   Telephone:  (707) 769-2990
4  Facsimile:  (707) 769-2999

5  Attorneys for Plaintiff
   NICHOLAS J. BARBAROTTO

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                   C 06 12787

11  NICHOLAS J. BARBAROTTO, individually    Case No.:
    and as Trustee of the NICHOLAS J.
12  BARBAROTTO Revocable Living Trust       COMPLAINT; DEMAND FOR JURY
    Agreement dated November 2, 2005,       TRIAL
13

14              Plaintiff,

15       vs.

16  HARTFORD LIFE INSURANCE COMPANY,
    a corporation doing business as THE
17  HARTFORD and HARTFORD LIFE AND
    ACCIDENT INSURANCE COMPANY, and
18  DOES 1-10,

19              Defendants.

20                                        BY FAX

21  Plaintiff NICHOLAS J. BARBAROTTO alleges as follows:

22                    JURISDICTION AND VENUE

23       1.      Plaintiff NICHOLAS J. BARBAROTTO ("BARBAROTTO") was at the time of

24  the incidents alleged herein, and is now, a resident of the County of San Mateo, in the state of

25  California.

26       2.      At all relevant times herein, defendant THE HARTFORD ("HARTFORD") was,

27  and is, a corporation with its principal place of business in Connecticut, and is authorized to

28

                    COMPLAINT; DEMAND FOR JURY TRIAL
                              - 1 -

transact business in California, and at all relevant times herein was transacting business in the state of California.

3.    Jurisdiction of this court is invoked pursuant to 28 USC §1332(a)(1). Plaintiff and defendants are citizens of different states. The amount in controversy exceeds $75,000 by virtue of contracts and extra-contractual damages alleged herein, exclusive of costs and interest, as to plaintiff. Venue is proper in this district as plaintiff resides in this district and was damaged by defendants as a direct result of the wrongful acts alleged herein in this district.

## GENERAL ALLEGATIONS

4.    That on or about February 1, 2006, Plaintiff BARBAROTTO gave, transferred and assigned all of his right, title and interest in and to the within legal action, and to all of his claims as the beneficiary for the benefits and proceeds to which her is entitled in said action under and by virtue of the accidental death insurance policies referred to thereon issued and underwritten by the Defendants and each of them, to himself as Trustee and to his successor trustees as an asset includable in and subject to the terms, conditions and provisions of that certain revocable living trust agreement executed by him as Trustor and Trustee dated November 2, 2005.

5.    At all relevant times, defendants, and each of them, were the agents and employees of each of the remaining defendants, and were at all times acting within the purpose and scope of said agency and employment, and each defendant has ratified and approved the acts of his agent.

6.    Defendant HARTFORD issued an accidental death policy, number ADD-1037, to the State Bar of California covering BARBAROTTO and his deceased wife Tamara (herein after "deceased" or "decedent"), in the amount of $125,000.

7.    Defendant HARTFORD also issued a separate accidental death policy covering BARBAROTTO and decedent, number ADD-6460, in the amount of $50,000.

8.    All premiums due under the above-mentioned HARTFORD Policies (here after "the Policies") were paid to defendants at all relevant times and BARBAROTTO and/or decedent have performed all obligations under the Policies.

COMPLAINT; DEMAND FOR JURY TRIAL

9.     Decedent was injured at home as a result of an accident on July 2, 2002.

10.     On October 19, 2002, decedent expired as a result of the injurious effects caused by the accident.

11.     BARBAROTTO filed timely claims for the total death indemnity under the policies.

12.     HARTFORD failed to conduct a reasonable investigation and acted unreasonably, arbitrarily and capriciously in denying the claims on made by BARBAROTTO pursuant to the policies, subsequent to the death of decedent. HARTFORD wrongfully denied the claim of BARBAROTTO relating to policy number ADD-1037 on December 14, 2004, and wrongfully denied the claim of BARBAROTTO relating to policy number ADD-6460 on June 7, 2005.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

PLAINTIFF, BARBAROTTO, FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT HARTFORD FOR BREACH OF CONTRACT, ALLEGES:

13.     Plaintiff BARBAROTTO refers to paragraphs 1 through 12 of the General Allegations and incorporates those paragraphs as though set forth in full in this Cause of Action.

14.     BARBAROTTO has performed all conditions on his part to be performed under the insurance contacts and all premiums due under said contracts have been paid.

15.     Defendant HARTFORD has breached the subject insurance contracts by refusing, without just cause, to pay plaintiff's claims, and refusing, without just cause, to undertake and complete a reasonable investigation of said claims.

16.     As a direct result of defendant's breach of the subject insurance contracts, BARBAROTTO has suffered contractual damages under the terms and conditions of the Policies, and other incidental damages and out-of-pocket expenses, all in a sum to be determined according to proof at the time of trial.

## SECOND CAUSE OF ACTION

### (Breach of Duty of Good Faith and Fair Dealing)

COMPLAINT; DEMAND FOR JURY TRIAL

- 3 -

PLAINTIFF BARBAROTTO, FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT HARTFORD FOR A BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING, ALLEGES:

17.    BARBAROTTO refers to paragraphs 1 through 12 of the General Allegations, and paragraphs 13 through 16, inclusive of the First Cause of Action, and incorporates those paragraphs as though set forth in full in full in this cause of action. In addition, BARBAROTTO alleges, as follows:

18.    Defendant breached their duty of good faith and fair dealing owed to plaintiff in the following respects:

(a) Unreasonable and bad faith failure to pay benefits to plaintiff at a time when defendant knew plaintiff was entitled to said benefits under the terms of the Policies.

(b) Unreasonably withholding payments from plaintiff in bad faith knowing plaintiff's claim for benefits under the Policies to be valid.

(c) Failing to pay plaintiff death benefits pursuant to said claims at a time when defendant had insufficient information within their possession directly opposing said action.

(d) Not attempting in good faith to effectuate a prompt, fair and equitable settlement of plaintiff's claims for death benefits in which liability had become reasonably clear.

(e) Bad faith failure to provide a reasonable explanation of the basis relied upon in the Policies, in relation to the applicable facts, for the denial of plaintiff's claims for death benefits.

(f) Unreasonably and in bad faith requiring plaintiff to provide unnecessary and unreasonable information and documentation after already knowing that plaintiff was entitled to receipt of the death benefit.

(g) Plaintiff is informed and believes and thereon alleges that defendant has breached its duty of good faith and fair dealing owed to plaintiff by other acts

or omissions of which plaintiff is presently unaware. Plaintiff reserves the right to seek leave of court to amend this complaint at such time as plaintiff discovers the other acts or omissions of said defendants constituting such breach.

19.    As a result of the aforementioned wrongful conduct of defendants, plaintiff has suffered, and will continue to suffer in the future, damages under the Policy, plus prejudgment interest, for a total amount to be show at the time of trial.

20.    As a further result of the aforementioned wrongful conduct of defendant, plaintiff has suffered anxiety, worry, mental and emotional distress, and other incidental damages and out of pocket expenses, all to plaintiff's general damage in a sum to be determined a the time of trial.

21.    As a further result of the aforementioned wrongful conduct of defendant, plaintiff was compelled to retain legal counsel to obtain the benefits due under the Policy. Therefore, defendant is liable to plaintiff for those expenses and attorney fees reasonably necessary and incurred by plaintiff to obtain the policy benefits in a sum to be determined at the time of trial.

22.    Defendant's conduct described herein was intended by the defendant to cause injury to the plaintiff, or was despicable conduct carried out by the defendant, with a willful and conscious disregard of the rights of plaintiff, subjected plaintiff to cruel and unjust hardship in conscious disregard of plaintiff's rights, and was an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant, with the intention to deprive plaintiff of property, legal rights or to otherwise cause injury, such as to constitute malice, oppression or fraud under CCP §3294, thereby entitling plaintiff to punitive damages in an amount appropriate to punish, or set an example, of defendant.

WHEREFORE, BARBAROTTO prays for judgment against defendant, and each of them, as follows:

1.    Damages for failure to provide benefits under the Policy, plus interest, including prejudgment interest, in a sum to be determined at the time of trial;

COMPLAINT; DEMAND FOR JURY TRIAL

- 5

2.      General damages for mental and emotional distress and other incidental damages in a sum to be determined at the time of trial;

3.      Punitive and exemplary damages in an amount appropriate to punish or set an example of defendant;

4.      For expenses and attorneys' fees reasonably incurred to obtain the Policy benefits in a sum to be determined at the time of trial;

5.      For costs of suit incurred herein; and

6.      For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues against HARTFORD.

Dated: February 22, 2006                      FLYNN, WILLIAMS, WESTER & HALL, LLP


BY _Barry Wester_____
    BARRY WESTER
    Attorneys for Plaintiff