1   SEDGWICK, DETERT, MORAN & ARNOLD LLP
    BRUCE D. CELEBREZZE  Bar No. 102181
2   DENNIS G. ROLSTAD  Bar No. 150006
    MICHELLE Y. McISAAC  Bar No. 215294
3   One Market Plaza
    Steuart Tower, 8th Floor
4   San Francisco, California 94105
    Telephone: (415) 781-7900
5   Facsimile: (415) 781-2635

6   Attorneys for Defendants
    HARTFORD LIFE INSURANCE COMPANY
7   and HARTFORD LIFE AND ACCIDENT
    INSURANCE COMPANY
8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11

12   NICHOLAS J. BARBAROTTO,                  CASE NO. C 06 1278 CRB
     individually and as Trustee of the
13   NICHOLAS J. BARBAROTTO Revocable         DEFENDANTS HARTFORD LIFE
     Living Trust Agreement dated             INSURANCE COMPANY'S AND
14   November 2, 2005,                        HARTFORD LIFE AND ACCIDENT
                                              INSURANCE COMPANY'S ANSWER TO
15          Plaintiff,                        PLAINTIFF'S COMPLAINT

16       v.

17   HARTFORD LIFE INSURANCE
     COMPANY, a corporation doing business
18   as THE HARTFORD and HARTFORD
     LIFE AND ACCIDENT INSURANCE
19   COMPANY, and DOES 1-10,

20          Defendants.

21

22          COME NOW defendants Hartford Life Insurance Company and Hartford Life and

23   Accident Insurance Company and hereby answer the complaint of plaintiff Nicholas Barbarotto

24   ("Barbarotto") as follows:

25          Plaintiff has named Hartford Life Insurance Company and Hartford Life and Accident

26   Insurance Company as defendants, and refers to them collectively throughout his complaint as

27   "The Hartford."  However, "The Hartford" is merely a trade name used by several different

28   insurance companies and service providers.  Moreover, the accidental death and dismemberment

1 policies at issue were issued to the State Bar of California and Attorneys Group Insurance Trust
2 by Hartford Life Insurance Company. Thus, "Hartford," as used in this answer, refers solely to
3 Hartford Life Insurance Company. As there is no contractual relationship between Hartford Life
4 and Accident Insurance Company and plaintiff, there is no cognizable claim stated against
5 Hartford Life and Accident Insurance Company and, hence, that company denies each and every
6 averment contained in plaintiff's complaint.

7    1.    Hartford is without knowledge or information sufficient to form a belief as to the
8 truth of the averments contained in paragraph 1 of the complaint, and therefore denies such
9 averments.

10   2.    Hartford denies each and every averment contained in paragraph 2 of the
11 complaint.

12   3.    In response to the averments contained in paragraph 3 of the complaint, Hartford
13 admits that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(1). Hartford further
14 admits that venue is proper. Hartford denies each and every remaining averment contained in
15 paragraph 3 of the complaint.

16   4.    Hartford is without knowledge or information sufficient to form a belief as to the
17 truth of the averments contained in paragraph 4 of the complaint, and therefore denies such
18 averments.

19   5.    Hartford denies each and every averment contained in paragraph 5 of the
20 complaint.

21   6.    In response to the averments contained in paragraph 6 of the complaint, Hartford
22 admits that it issued group accidental death and dismemberment policy no. ADF-1037 to the
23 State Bar of California, subject to all of the terms, conditions, limitations, exclusions, and
24 endorsements contained therein. Hartford is without knowledge or information sufficient to form
25 a belief as to the truth of the remaining averments contained in paragraph 6 of the complaint, and
26 therefore denies each and every remaining averment.

27   7.    In response to the averments contained in paragraph 7 of the complaint, Hartford
28 admits that it issued group accidental death and dismemberment policy no. ADD-6460 to

1  Attorneys Group Insurance Trust, subject to all of the terms, conditions, limitations, exclusions,
2  and endorsements contained therein.  Hartford is without knowledge or information sufficient to
3  form a belief as to the truth of the remaining averments contained in paragraph 7 of the
4  complaint, and therefore denies each and every remaining averment.

5       8.       In response to the averments contained in paragraph 8 of the complaint, Hartford
6  admits on information and belief that the premiums were paid under the policies ("Policies").
7  Hartford denies each and every remaining averment contained in paragraph 8 of the complaint.

8       9.       Hartford is without knowledge or information sufficient to form a belief as to the
9  truth of the averments contained in paragraph 9 of the complaint, and therefore denies such
10 averments.

11      10.      In response to the averments contained in paragraph 10 of the complaint, Hartford
12 admits that decedent died on October 18, 2002.  Hartford denies each and every remaining
13 averment contained in paragraph 10 of the complaint.

14      11.      Hartford admits the averment contained in paragraph 11 of the complaint that the
15 claim was filed timely, but denies each and every remaining averment contained in paragraph 11
16 of the complaint.

17      12.      Hartford denies each and every averment contained in paragraph 12 of the
18 complaint.

19                          FIRST CAUSE OF ACTION
20                           (BREACH OF CONTRACT)

21      13.      Hartford incorporates by reference its responses to paragraphs 1 through 12 of the
22 complaint as though fully set forth herein.

23      14.      In response to the averments contained in paragraph 14 of the complaint, Hartford
24 admits that premiums have been paid under the Policies, but denies plaintiff is entitled to the
25 benefits he seeks.  Hartford denies each and every remaining averment contained in paragraph 14
26 of the complaint.

27      15.      Hartford denies each and every averment contained in paragraph 15 of the
28 complaint.

1    16.    Hartford denies each and every averment contained in paragraph 16 of the complaint.

### SECOND CAUSE OF ACTION

### (BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING)

17.    Hartford incorporates by reference its responses to paragraphs 1 through 16 of the complaint as though fully set forth herein.

18.    Hartford denies each and every averment contained in paragraph 18 of the complaint.

19.    Hartford denies each and every averment contained in paragraph 19 of the complaint.

20.    Hartford denies each and every averment contained in paragraph 20 of the complaint.

21.    Hartford denies each and every averment contained in paragraph 21 of the complaint.

22.    Hartford denies each and every averment contained in paragraph 22 of the complaint.

23.    Hartford denies each and every averment contained in plaintiff's complaint that is not otherwise admitted in this answer.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The complaint, and each purported cause of action therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims asserted in the complaint are barred in whole or in part by the terms, definitions, exclusions, conditions, limitations, and endorsements contained in the accidental death and dismemberment policies which are the subject of the complaint.

| | |
|---|---|
| 1 | THIRD AFFIRMATIVE DEFENSE |
| 2 | Hartford alleges that the subject accidental death and dismemberment policies are |
| 3 | governed by Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.*, and thus |
| 4 | plaintiff's state law claims are preempted.  Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987). |
| 5 | FOURTH AFFIRMATIVE DEFENSE |
| 6 | The claims asserted in the complaint are barred in whole or in part by the terms, |
| 7 | definitions, exclusions, conditions, limitations, and endorsements contained in the accidental |
| 8 | death and dismemberment policies and/or employee benefit plan which are the subject of the |
| 9 | complaint and/or the terms and provisions of the Employee Retirement Income Security Act, 29 |
| 10 | U.S.C. §§ 1001, *et seq.* |
| 11 | FIFTH AFFIRMATIVE DEFENSE |
| 12 | Hartford alleges that the accidental death and dismemberment policies which are the |
| 13 | subject of the complaint provide exclusions for losses caused by or resulting from any sickness or |
| 14 | disease, which bars plaintiff's recovery in this action. |
| 15 | SIXTH AFFIRMATIVE DEFENSE |
| 16 | Hartford seeks a declaration that plaintiff is not entitled to benefits under the subject |
| 17 | accidental death and dismemberment policies on grounds that Tamara Barbarotto's death was |
| 18 | caused by and was a result of sickness or disease, which is specifically excluded from coverage |
| 19 | under the policies. |
| 20 | SEVENTH AFFIRMATIVE DEFENSE |
| 21 | Plaintiff has failed to perform all of the obligations and conditions set forth under the |
| 22 | accidental death and dismemberment policies which are the subject of the complaint and/or the |
| 23 | Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.* |
| 24 | EIGHTH AFFIRMATIVE DEFENSE |
| 25 | To the extent that it is determined that plaintiff or Tamara Barbarotto misrepresented or |
| 26 | failed to disclose or omitted material information in connection with any application for |
| 27 | insurance or application for accidental death and dismemberment benefits, plaintiff's claims are |
| 28 | barred. |

NINTH AFFIRMATIVE DEFENSE

The complaint, and each cause of action contained therein, fails to state sufficient facts to constitute a valid claim for attorneys' fees.

TENTH AFFIRMATIVE DEFENSE

Hartford alleges that, if the complaint was not brought in good faith pursuant to Rule 11 of the Federal Rules of Civil Procedure, it is entitled to and will seek reasonable expenses, including attorneys' fees incurred in defending the action.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any damages as a result of any actions taken by Hartford, and plaintiff is thus barred from asserting the complaint, or any purported cause of action therein, against Hartford.

TWELFTH AFFIRMATIVE DEFENSE

Hartford and its representatives acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted. Accordingly, plaintiff is barred from any recovery in this action.

THIRTEENTH AFFIRMATIVE DEFENSE

Hartford alleges that, if it is found to have any liability for plaintiff's alleged damages, which Hartford expressly denies, this Court must reduce the liability of Hartford in proportion to the comparative fault of plaintiff and others.

FOURTEENTH AFFIRMATIVE DEFENSE

Persons and entities other than Hartford or its agents were negligent and at fault in connection with the acts alleged to have resulted in damages and by reason thereof plaintiff's right of recovery against Hartford should be reduced by the amount which the negligence and/or fault of persons and entities other than Hartford, or its agents, caused or contributed to any alleged damage.

FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred by the equitable doctrines of laches, waiver, and estoppel.

### SIXTEENTH AFFIRMATIVE DEFENSE

Hartford alleges that the complaint fails to state facts sufficient to warrant an award of punitive or exemplary damages, and plaintiff has failed to plead malice, fraud, or oppression with the specificity required under California Civil Code § 3294.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The complaint, to the extent that it seeks punitive or exemplary damages against Hartford, violates Hartford's right to protection from "excessive" fines as provided in the Eighth Amendment to the United States Constitution and the Constitution of the State of California and violates Hartford's right to substantive due process and equal protection as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of California, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Hartford alleges that the complaint, and each purported cause of action contained therein, fails to state sufficient facts to constitute a valid claim for general damages for mental and emotional distress.

### NINETEENTH AFFIRMATIVE DEFENSE

Hartford alleges that plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations and/or the contractual limitations period.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff has failed to set out his claims with sufficient particularity to permit Hartford to raise all appropriate defenses and, thus, Hartford reserves its rights to add additional defenses as a factual basis as these claims become known.

WHEREFORE, defendants Hartford Life Insurance Company and Hartford Life and Accident Insurance Company pray for judgment as follows:

    1.    That plaintiff take nothing by reason of the complaint; and

1    2.    That Hartford be awarded costs of suit herein and such other and further
2 relief as the court deems just and proper.

3 DATED:  May 26, 2006         SEDGWICK, DETERT, MORAN & ARNOLD LLP

4

5

By:  s/Bruce D. Celebrezze
6        BRUCE D. CELEBREZZE
       DENNIS G. ROLSTAD
7        MICHELLE Y. McISAAC
       Attorneys for Defendants
8        HARTFORD LIFE INSURANCE COMPANY
       and HARTFORD LIFE AND ACCIDENT
9        INSURANCE COMPANY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28