Barry F. Wester, Esq. (103588)
Matthew D. Brekhus, Esq. (119251)
DYKMAN & WESTER, LLP
790 Mission Avenue
San Rafael, CA  94901
Telephone:  415/454-8545
Facsimile:   415/454-8628

Attorneys for Plaintiffs
 VICKI CAPRIO and DUANE A. BARBAROTTO
 as decedent Nicholas Barbarotto's Successors in Interest

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT COURT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS J.BARBAROTTO,individually and as Trustee of the NICHOLAS J.BARBAROTTO Revocable Living Trust Agreement dated November 2, 2005,<br><br>            Plaintiffs,<br><br>     vs.<br><br>HARTFORD LIFE INSURANCE COMPANYa corporation doing business as THE HARTFORD and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY and Does 1 through 20, inclusive,<br><br>            Defendants. | Case No.: C 06-1278 CW<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF  MOTION FOR RELIEF**<br><br>**Civ. P. 60 (b)**<br><br>Judge:  Claudia Wilken<br>Date:   June 5 , 2008<br>Time:   2:00 p.m.<br>Ctrm:   2, 4th Floor |

## INTRODUCTION

   The present action was filed after the death of the plaintiff Nicholas Barbarotto. A  judgment entered against a party who died before the action is commenced is void- a judicial nullity.

1

## STATEMENT OF FACTS

On February 22, 2006, counsel filed the present action against Hartford Life Insurance Company (Hartford) on behalf of Nicholas J. Barbarotto (Barbarotto), individually and as a trustee for the Nicholas J. Barbarotto Revocable Living Trust Agreement dated November 2, 2005 Said complaint contained allegations that Hartford had issued two separate accidental death policies covering Barbarotto and his wife Tamara Barbarotto. Barbarotto alleged in his complaint that Tamara died on October 19, 2002 as result of injuries sustained in an accident which occurred on July 2, 2002.(Id. at pp.9-10) Barbarotto further alleged that Hartford wrongfully denied his timely filed claims for the total death indemnity under both policies.(*Id.*at pp.11-12) The complaint contained causes of action for breach of contract and breach of good faith and fair dealing.

Following Hartford's appearance in this action, it was discovered that Barbarotto had died on February 14, 2006, before the action was filed.(Declaration of Matthew Brekhus, Exhibit A ) Further it was determined that Barbarotto's claims against Hartford had never been added to the corpus of the Nicholas J. Barbarotto Revocable Living Trust. .(Declaration of Matthew Brekhus, Exhibit B )  The prior action could not be amended pursuant to Federal Rules of Civil Procedure Rule 25 to substitute Vicky Caprio and Duane Barbarotto as Decedent Barbarotto's successor in interest because the action was now a nullity and could not be amended. Counsel for Plaintiff entered into a stipulation with Hartford to dismiss this action with prejudice. On October 19, 2006 Judge Breyer entered a Stipulation and Order for Dismissal of Entire Action with Prejudice. (Declaration of Matthew Brekhus ¶5)

Vicky Caprio and Duane Barbarotto as Decedent Barbarotto's successor in interest brought a subsequent  action in state court on essentially the same claims against Hartford as the present action. (Declaration of Matthew Brekhus ¶7) Hartford removed the present action to this court on January 17, 2008.

## Argument

Federal Rule of Civil Procedure 60 (b) (4) provides for relief by the court to set aside a void judgment. A void judgment is one which the court did not have the jurisdiction to

render.*U.S. v Boch Oldsmobile, Inc. 909 F.2d 657 (1st Cir. 1990)* If the court determines that the judgment is void, the court must recognize that the judgment is a nullity and grant relief. *Thos.P. Gonzalez Corp.v. Consejo Nacional de Costa Rica 614 F.2d 1247, 1256 (9th Cir. 1980)*

An action in which the plaintiff dies before the complaint is filed is a judicial nullity. *Banakus v. United Aircraft Corp. 290 F. Supp. 259 (1968)* The District Court there found that, since the action was void from it's inception, there were no claims capable of amendment to permit the substitution of the decedent's successors in interest pursuant to Rule 25.

The District Court in *Banakus* pointed out under Rule 17 (b) the capacity of an individual to sue is to be determined by the law of his domicile and found that the law of the deceased's domicile didn't permit actions brought on behalf of the decedent. *Id. at 260* The Certificate of Death states that Barbarotto was a resident of California. .(Declaration of Matthew Brekhus, Exhibit A) Under California law, a judgment against a party who died before the action was commenced is void as lacking jurisdiction and not binding on his heirs. *Colin v. Blanchard (1933) 219 Cal 632*

While Federal Rules of Civil Procedure Rule 25 provides the procedure in the event of the death of a party, the effect of the death of a party is determined by the applicable substantive law. *California Practice Guide; Federal Civil Procedure Before Trial; Parties §7:356* The law in California and elsewhere is clear that the death of a party before commencement of the action renders any judgment against him void and the action itself a judicial nullity *46 American Jurisprudence 2d; Judgments §90*

Defendants have successfully challenged the subsequent action brought by Barbarotto's successors on the grounds of Res Judicata based on the order of dismissal filed in this action. It is respectfully requested that the court recognize that this action was a nullity from it's inception and set aside the judgment or order of dismissal so that Barbarotto's successors may have their day in court

/

/

/

Dated: April 25, 2008

_____/S/_____
MATTHEW BREKHUS