1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   BRUCE D. CELEBREZZE  Bar No. 102181
2  bruce.celebrezze@sdma.com
   MICHELLE Y. McISAAC  Bar No. 215294
3  michelle.mcisaac@sdma.com
   One Market Plaza
4  Steuart Tower, 8th Floor
   San Francisco, California 94105
5  Telephone: (415) 781-7900
   Facsimile: (415) 781-2635
6
   Attorneys for Defendants
7  HARTFORD LIFE INSURANCE COMPANY
   and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS J. BARBAROTTO, individually and as Trustee of the NICHOLAS J. BARBAROTTO Revocable Living Trust Agreement dated November 2, 2005,<br><br>Plaintiffs,<br><br>v.<br><br>HARTFORD LIFE INSURANCE COMPANY, a corporation doing business as THE HARTFORD and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, and DOES 1-10,<br><br>Defendants. | CASE NO. C 06 1278 CW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANTS HARTFORD LIFE INSURANCE COMPANY AND HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY IN OPPOSITION TO MOTION FOR RELIEF**<br><br>JUDGE: Hon. Claudia Wilken<br>CTRM: 2, 4th Floor<br>DATE: June 12, 2008<br>TIME: 2:00 p.m. |

SF/1508769v4

MPA OF HARTFORD IN OPPOSITION TO MOTION FOR RELIEF

## I. INTRODUCTION

The motion of Vicki Caprio and Duane Barbarotto, who are not parties to this action, to set aside the October 19, 2006 judgment entered in this action should be denied. Acting at all times under Rule 11 of the Federal Rules of Civil Procedure, plaintiffs' attorney filed, prosecuted, and dismissed this action against Hartford, representing to this Court and to Hartford that he had authority to act on behalf of his clients, Nicholas J. Barbarotto individually and as Trustee of the Nicholas J. Barbarotto Revocable Living Trust Agreement dated November 2, 2005. Hartford incurred legal fees in defending this action, and is entitled to rely on the representations of plaintiffs' counsel – including his signature under Rule 11 – that the action was dismissed with prejudice, and thereby concluded for all time. Plaintiffs' attorney, now the moving parties' attorney, should not be permitted, more than one year after the entry of judgment, to bring an identical action and put Hartford through the expense of the whole litigation process again. Any further litigation pursued by the moving parties, if any, should be an action against plaintiffs' attorney, not Hartford. It is unfair and unjust for Hartford to be put in jeopardy again, having previously received a dismissal with prejudice.

## II. STATEMENT OF FACTS

A. This Action Was Dismissed With Prejudice in October 2006

On February 22, 2006, Nicholas J. Barbarotto individually and as Trustee of the Nicholas J. Barbarotto Revocable Living Trust Agreement dated November 2, 2005 ("plaintiffs") filed this action against Hartford Life Insurance Company and Hartford Life and Accident Insurance Company ("Hartford"). Matthew Brekhus was the attorney of record in this action. (Docket No. 24, Declaration of Matthew Brekhus, ¶ 1.) The action was originally assigned to Judge Charles Breyer, before being transferred to Judge Claudia Wilken on April 17, 2008. (Docket No. 22.)

Plaintiffs alleged that Hartford issued an accidental death policy, policy no. ADD-1037, to the State Bar of California covering Mr. Barbarotto and his deceased wife Tamara ("Tamara") in the amount of $125,000. (Docket No. 1, at ¶ 6.) They further alleged that Hartford issued a separate accidental death policy covering Mr. Barbarotto and Tamara, policy no. ADD-6460, in the amount of $50,000. (*Id.* at ¶ 7.)

Plaintiffs asserted that, on July 2, 2002, Tamara was injured at home as a result of an accident, and died on October 19, 2002 as a result of the injuries sustained in the accident. (*Id.* at ¶¶ 9-10.) They further alleged that Mr. Barbarotto timely filed claims for the total death indemnity under the policies, but Hartford wrongfully denied his claims under the respective policies on December 14, 2004 and June 7, 2005. (*Id.* at ¶¶ 11-12.) Plaintiffs' alleged two causes of action against Hartford based on the denials of Mr. Barbarotto's accidental death claims – breach of contract and breach of the duty of good faith and fair dealing.

It was further alleged that the interest in these claims against Hartford had been transferred from Mr. Barbarotto to a trust:

> [O]n or about February 1, 2006, plaintiff Barbarotto gave, transferred and assigned all of his right, title and interest in and to the within legal action, and to all of his claims as beneficiary for the benefits and proceeds to which her [sic] is entitled in said action under and by virtue of the accidental death insurance policies referred to thereon issued and underwritten by the Defendants and each of them, to himself as Trustee and to his successor trustees as an asset includable in and subject to the terms, conditions and provisions of that certain revocable living trust agreement executed by him as Trustor and Trustee dated November 2, 2005.

(*Id.* at ¶ 4.)

On October 19, 2006, attorney Brekhus signed a stipulation to dismiss the entire action with prejudice "each party to bear his or its own attorneys' fees and costs." (Docket No. 20). The stipulation was filed with the court that same day, and Judge Breyer entered a dismissal with prejudice of this action in its entirety. (Docket No. 21.)[1] There had been no other activity in this case until the filing of the instant motion.

B.    Events Leading Up to the Filing of This Motion

On June 7, 2007, almost a year after the dismissal with prejudice of this action, attorney Brekhus on behalf of Vicki Caprio and Duane Barbarotto, filed an action styled *Vicki Caprio and*

---

[1] As held by the Ninth Circuit, the phrase "final judgment on the merits" is often used interchangeably with "dismissal with prejudice." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). A stipulated dismissal of an action with prejudice in a federal district court generally constitutes a final judgment on the merits and precludes a party from reasserting the same claims in a subsequent action in the same court. *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1052 (9th Cir. 2005).

*Duane A. Barbarotto as decedent Nicholas J. Barbarotto's Successors in Interest, Plaintiffs, vs. Hartford Life Insurance Company, a corporation doing business as The Hartford and Hartford Life and Accident Insurance Company, and Does 1 through 20, inclusive, Defendants,* in the Superior Court of California, City and County of San Francisco, alleging identical claims as alleged in this action. (Request for Judicial Notice, "RJN", Ex. 1.) Hartford removed the matter to this Court, and moved to dismiss on the ground of *res judicata*[2] based on the stipulated dismissal with prejudice entered by Judge Breyer in this action.

On April 15, 2008, this Court granted Hartford's motion to dismiss based on *res judicata* finding that the claims were identical to those previously dismissed with prejudice, and the claims were alleged to have been brought by Nicholas Barbarotto's successors in interest. (RJN, Ex. 2.) The Court also granted Vicki Caprio and Duane A. Barbarotto leave to amend their complaint, if this judgment were to be found void. The Court's order specified that the moving parties "shall include in their motion facts related to Nicholas's death and the subsequent filing of the lawsuit in his name." (RJN, Ex. 2.)

### III.   HARTFORD'S EVIDENTIARY OBJECTIONS

Attorney Matthew Brekhus' declaration, submitted by the moving parties, contains factual and legal conclusions without any demonstration that he possesses the requisite personal knowledge about the matters testified to therein. (Docket No. 24.) Accordingly, Hartford moves to strike paragraphs 4 and 6 of attorney Brekhus' declaration.

Fed R.Evid. 602 provides:

> A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony. This rule is subject to the provisions of Rule 703, relating to opinion testimony by expert witnesses.

"It is not enough for a witness to tell all she knows; she must know all she tells."

---

[2] "The doctrine of *res judicata* provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action," and "is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction." *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051-1052 (9th Cir. 2005).

1   *Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1028 (9th Cir. 2001). Federal

2   Rule of Evidence 602 prevents a witness from testifying on a matter "unless evidence is

3   introduced sufficient to support a finding that the witness has personal knowledge of the matter."

4   *Id.* Thus, to establish a proper foundation, the source of the witness' personal knowledge must

5   be disclosed. It is not sufficient if the witness merely states that he is "aware" of the subject

6   matter of his testimony. *Ward v. First Fed'l Savings Bank*, 173 F.3d 611, 617-618 (7th Cir.

7   1999).

8   There is no foundation for the statements in paragraphs 4 and 6 of attorney Brekhus' declaration,

9   and therefore do not come close to satisfying the requirements of the Federal Rules of Evidence.

10             In paragraph 4 of the declaration, attorney Brekhus states:

11             Neither the insurance policies which were the basis of the present action nor the
               present action itself were included in the corpus of the Nicholas J. Barbarotto
12             Revocable Living Trust dated November 2, 2005.[3] A true and correct copy of the
               Declaration of Trust for the Nicholas J. Barbarotto Revocable Living Trust dated
13             November 2, 2005 is attached hereto as Exhibit B.

14             Paragraph 4 is completely unsupported by any evidence of personal knowledge.

15  Attorney Brekhus has provided no foundation whatsoever or demonstrated any personal

16  knowledge to support his statement that the subject insurance claims were not included in the

17  corpus of the Trust. Hence, his testimony should be stricken. Moreover, he has not provided

18  any foundation to authenticate that the document attached as Exhibit B to his declaration, is a

19  true and correct copy of Trust Agreement for the Nicholas J. Barbarotto Revocable Living Trust

20  dated November 2, 2005. Paragraph 4 of attorney Brekhus' declaration should be striken in its

21  entirety because it lacks any personal knowledge.

22             Paragraph 6 is similarly inadequate, as it contains only factual and legal conclusions that

23  are unsupported by any demonstration of attorney Brekhus' personal knowledge. Attorney

24  Brekhus declares:

25             Vicki Caprio and Duane A. Barbarotto are the children of Nicholas J. Barbarotto
               and are Decedent Nicholas Barbarotto's successor's [sic] in interest (as defined in
26

---

27  [3]    The allegations of the complaint are in direct contradiction to this statement by attorney
               Brekhus. The complaint specifically alleges that the subject insurance claims were made
28             part of the Trust on February 1, 2006. (Docket No. 5, ¶ 4.)

    Section 377.11 of the California Code of Civil Procedure) and succeed to the Decedent's interest in the claim.

The statements in paragraph 6 are conclusory statements lacking any foundational support or demonstration of personal knowledge, and should be striken.

### IV.     ARGUMENT

#### A.     The Moving Parties Have Not Demonstrated They Have Standing

The moving parties are not parties to this action, and have not demonstrated that they have standing to move to void the judgment entered in this action. Standing is an "essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136 (1992). The United States Supreme Court has recognized three requirements for Article III standing:

> First, the plaintiff must have suffered an "injury in fact" – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan*, 504 U.S. at 560-561. (internal citations omitted).

The moving parties have not submitted any admissible evidence with their moving papers to demonstrate that they meet Article III's standing requirements to prosecute this action. The only thing that has been submitted is the declaration of their attorney which contains unsupported and inadmissible statements that are in direct contradiction to the allegations of the complaint. The moving parties have failed to demonstrate that they have standing to bring this motion, therefore their motion must be denied.

#### B.     No Evidence Has Been Submitted to Support a Finding that the Judgment Should Be Voided

In its April 15, 2008 order, the Court ordered that a motion to void this judgment must include "facts related to Nicholas's death and the subsequent filing of the lawsuit in his name." (RJN, Ex. 2.) The moving parties have not even attempted to comply with this Court's order as

1  they have provided no facts concerning the circumstances of how it came to be that a lawsuit was

2  filed after Nicholas Barbarotto's death, in his name, or the subsequent dismissal of the action

3  with prejudice in his name.

4  Under Rule 11(b) of the Federal Rules of Civil Procedure, "[b]y presenting to the court a

5  pleading, written motion, or other paper – whether by signing, filing, submitting, or later

6  advocating it – an attorney . . . certifies that to the best of the person's knowledge, information,

7  and belief, formed after an inquiry reasonable under the circumstances:

8      (1) it is not being presented for any improper purpose, such as to harass, cause
   unnecessary delay, or needlessly increase the cost of litigation;

9

10      . . . .

11      (3) the factual contentions have evidentiary support or, if specifically so
   identified, will likely have evidentiary support after a reasonable opportunity for
   further investigation or discovery;

12

13  In this action, attorney Brekhus represented to this Court that he was acting on behalf of

14  plaintiffs in filing the complaint, and also signing a stipulated dismissal of the action with

15  prejudice. Now, a year later, the same attorney argues to this Court that the dismissal with

16  prejudice should be found void. Pursuant to Rule 11, attorney Brekhus is obligated to

17  demonstrate why he filed a complaint, prosecuted the action, and signed a stipulated dismissal,

18  on behalf of a client who he now claims was deceased the entire time.[4] The moving parties have

19  not brought forth sufficient evidence to support a finding that the judgment in this action should

20  be found void.

21  C.    <u>The Moving Parties Have An Adequate Remedy Against Attorney Brekhus</u>

22  If the judgment is not set aside, the moving parties would not be without a legal remedy.

23  Attorney Brekhus knowingly and voluntarily stipulated to a dismissal of this action with

24  prejudice. If the moving parties believe that attorney Brekhus' dismissal of the claims asserted

25  in this action was improper, and the moving parties have standing to pursue these claims, that is

---

[4] In the event the Court voids the judgment in this action, and Hartford is thereby compelled to further litigate this matter, Hartford requests an opportunity to move for sanctions pursuant to Rule 11(c), for attorney's fees and costs needlessly incurred in this action as a result of the conduct of attorney Brekhus.

an issue between them and their attorney. Hartford should not be required to re-litigate, and incur further legal fees and expenses, an action that was previously dismissed with prejudice.

## V. CONCLUSION

For the foregoing reasons, the motion to void the judgment in this action should be denied.

DATED: May 29, 2008　　　　　　　　Respectfully submitted,

SEDGWICK, DETERT, MORAN & ARNOLD LLP


By:　/s/ Michelle Y. McIsaac
　　　BRUCE D. CELEBREZZE
　　　MICHELLE Y. MCISAAC
　　　Attorneys for Defendants
　　　HARTFORD LIFE INSURANCE COMPANY
　　　and HARTFORD LIFE AND ACCIDENT
　　　INSURANCE COMPANY