SEDGWICK, DETERT, MORAN & ARNOLD LLP
BRUCE D. CELEBREZZE  Bar No. 102181
bruce.celebrezze@sdma.com
MICHELLE Y. McISAAC  Bar No. 215294
michelle.mcisaac@sdma.com
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendants
HARTFORD LIFE INSURANCE COMPANY
and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS J. BARBAROTTO, individually and as Trustee of the NICHOLAS J. BARBAROTTO Revocable Living Trust Agreement dated November 2, 2005,<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD LIFE INSURANCE COMPANY, a corporation doing business as THE HARTFORD and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, and DOES 1-10,<br><br>Defendants. | CASE NO. C 06 1278 CW<br><br>**REQUEST FOR JUDICIAL NOTICE OF DEFENDANTS HARTFORD LIFE INSURANCE COMPANY AND HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY IN SUPPORT OF OPPOSITION TO MOTION FOR RELIEF** |

Defendants Hartford Life Insurance Company and Hartford Life and Accident Insurance Company (jointly "Hartford") hereby request that the Court take judicial notice of the following facts pursuant to Rule 201 of the Federal Rules of Evidence:

1.  The complaint filed on June 7, 2007, styled *Vicki Caprio and Duane A. Barbarotto as decedent Nicholas J. Barbarotto's Successors in Interest, Plaintiffs, vs. Hartford Life Insurance Company, a corporation doing business as The Hartford and Hartford Life and*

*Accident Insurance Company, and Does 1 through 20, inclusive, Defendants*, in the Superior Court of California, City and County of San Francisco. Attached as Exhibit 1 is a true and correct copy of the complaint.

2. April 15, 2008 order granting Hartford's motion to dismiss on the ground of *res judicata*, in United States District Court for the Northern District of California Case No. C 08-338 CW. Attached as Exhibit 2 is a true and correct copy of the order.

DATED: May 29, 2008        SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____
BRUCE D. CELEBREZZE
MICHELLE Y. McISAAC
Attorneys for Defendants
HARTFORD LIFE INSURANCE COMPANY and
HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY

SF/1513129v1

-2-    CASE NO. C 06 1278 CW
HARTFORD'S REQUEST FOR JUDICIAL NOTICE

**EXHIBIT 1**

12/19/2007 12:00 FAX 707 778 1086   BQS Law                                          ☐003/020
06/08/07 11:24AM ONELE851 CR-AS Dykman & Wester    7077781086 Pg 6/18

06/07/2007 14:27   707-769-2999         WILLIAMS WESTER HALL              PAGE 04/09

ENDORSED
F I L E D
San Francisco County Superior Court

JUN 7 2007

GORDON PARK-LI, Clerk
BY: ~~CHRISTINA~~ Deputy Clerk

NOV 9 2007 - 9:00AM

DEPARTMENT 212

```
 1  Barry F. Wester, Esq. (103588)
    Matthew D. Brekhus, Esq. (119251)
 2  DYKMAN & WESTER, LLP
    790 Mission Avenue
 3  San Rafael, CA 94901
    Telephone: (415) 454-8545
 4  Facsimile: (415) 454-8628
 5  Attorneys for Plaintiffs
      VICKI CAPRIO and DUANE A. BARBAROTTO
 6
 7
 8                  SUPERIOR COURT OF CALIFORNIA
 9                      COUNTY OF SAN FRANCISCO
10
11  VICKI CAPRIO and DUANE A.             Case No.: CGC07  464064
    BARBAROTTO as decedent Nicholas J.
12  Barbarotto's Successors in Interest,  COMPLAINT
13
             Plaintiffs,
14
        vs.                               BY FAX
15
    HARTFORD LIFE INSURANCE COMPANY,
16  a corporation doing business as THE
    HARTFORD and HARTFORD LIFE AND
17  ACCIDENT INSURANCE COMPANY, and
    DOES 1 through 20, inclusive,
18
             Defendants.
19
20
21                         GENERAL ALLEGATIONS
22
       1.   Plaintiffs VICKI CAPRIO and DUANE A. BARBAROTTO alleges as follows:
23
       2.   NICHOLAS J. BARBAROTTO is the name of decedent.
24
       3.   NICHOLAS J. BARBAROTTO died on February 14, 2006 at South
25  San Francisco, California.
26
       4.   No proceeding is now pending in California for administration of the decedent's
27  estate.
28
```

COMPLAINT

1

10941991.tif - 12/19/2007 12:02:26 PM

5. The plaintiffs are decedent's successors in interest as defined in Section 377.11 of the California Code of Civil Procedure and succeed to the decedent's interest in the action or proceeding.

6. No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding.

7. At all relevant times herein, defendant THE HARTFORD LIFE INSURANCE COMPANY, a corporation doing business as THE HARTFORD and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("HARTFORD") was, and is, a corporation with its principal place of business in Connecticut, and is authorized to transact business in California, and at all relevant times herein was transacting business in the state of California.

8. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as Does 1 through 20, and plaintiffs are further ignorant of the appropriate charging allegations and theories of liability with respect to said fictitiously named defendants, and therefore plaintiffs sue such defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Based on information and belief, each of the defendants so designated herein is legally responsible and liable in some manner for the events and happenings herein referred to, and is therefore liable and responsible to plaintiffs for an amount to be hereinafter determined.

9. At all relevant times, defendants, and each of them, were the agents and employees of each of the remaining defendants, and were at all times acting within the purpose and scope of said agency and employment, and each defendant has ratified and approved the acts of his agent.

10. Defendant HARTFORD issued an accidental death policy, number ADD-1037, to the State Bar of California covering decedent and his wife, Tamara Barbarotto, in the amount of $125,000.

11. Defendant HARTFORD also issued a separate accidental death policy covering decedent and his wife, Tamara Barbarotto, number ADD-6460, in the amount of $50,000.

12/19/2007 12:01 FAX  707 778 1086    BOS Law                    ☏005/020

12. All premiums due under the above-mentioned HARTFORD Policies (hereafter "the Policies") were paid to defendant at all relevant times and decedent and/or Tamara Barbarotto have performed all obligations under the Policies.

13. Tamara Barbarotto was injured at home as a result of an accident on July 2, 2002.

14. On October 19, 2002, Tamara Barbarotto expired as a result of the injuries sustained in the July 2, 2002 accident.

15. Decedent filed timely claims for the total death indemnity under the Policies.

16. HARTFORD failed to conduct a reasonable investigation and acted unreasonably, arbitrarily and capriciously in denying the claims made by decedent pursuant to the Policies, subsequent to the death of Tamara Barbarotto. HARTFORD wrongfully denied the claim of decedent relating to policy number ADD-1037 on December 14, 2004, and wrongfully denied the claim of decedent relating to policy number ADD-6460 on June 7, 2005.

## FIRST CAUSE OF ACTION

(Breach of Contract)

17. Plaintiffs refer to paragraphs 1 through 16 of the General Allegations and incorporate those paragraphs as though set forth in full in this Cause of Action.

18. Decedent performed all conditions on his part to be performed under the insurance contacts and all premiums due under said contracts have been paid.

19. Defendant HARTFORD has breached the subject insurance contracts by refusing, without just cause, to pay plaintiffs' claims, and refusing, without just cause, to undertake and complete a reasonable investigation of said claims.

20. As a direct result of defendant's breach of the subject insurance contracts, plaintiffs have suffered contractual damages under the terms and conditions of the Policies, and other incidental damages and out-of-pocket expenses, all in a sum to be determined according to proof at the time of trial.

COMPLAINT

- 3 -

10941991.tif - 12/19/2007 12:02:26 PM

## SECOND CAUSE OF ACTION

(Breach of Duty of Good Faith and Fair Dealing)

21. Plaintiffs refer to paragraphs 1 through 16 of the General Allegations, and paragraphs 18 through 20, inclusive, of the First Cause of Action, and incorporate those paragraphs as though set forth in full in this cause of action.

22. Defendant breached their duty of good faith and fair dealing owed to plaintiffs in the following respects:

   (a) Unreasonable and bad faith failure to pay benefits to plaintiffs at a time when defendant knew plaintiffs were entitled to said benefits under the terms of the Policies.

   (b) Unreasonably withholding payments from plaintiffs in bad faith knowing plaintiffs' claim for benefits under the Policies to be valid.

   (c) Failing to pay plaintiffs death benefits pursuant to said claims at a time when defendant had insufficient information within their possession directly opposing said action.

   (d) Not attempting in good faith to effectuate a prompt, fair and equitable settlement of plaintiffs' claims for death benefits in which liability had become reasonably clear.

   (e) Bad faith failure to provide a reasonable explanation of the basis relied upon in the Policies, in relation to the applicable facts, for the denial of plaintiffs' claims for death benefits.

   (f) Unreasonably and in bad faith requiring plaintiffs to provide unnecessary and unreasonable information and documentation after already knowing that plaintiffs were entitled to receipt of the death benefit.

   (g) Plaintiffs are informed and believe and thereon allege that defendant has breached its duty of good faith and fair dealing owed to plaintiffs by other acts or omissions of which plaintiffs are presently unaware. Plaintiffs reserve the

COMPLAINT

- 4

right to seek leave of court to amend this Complaint at such time as plaintiffs discover the other acts or omissions of said defendant constituting such breach.

23. As a result of the aforementioned wrongful conduct of defendant, plaintiffs have suffered, and will continue to suffer in the future, damages under the Policy, plus prejudgment interest, for a total amount to be show at the time of trial.

24. As a further result of the aforementioned wrongful conduct of defendant, plaintiffs were compelled to retain legal counsel to obtain the benefits due under the Policy. Therefore, defendant is liable to plaintiffs for those expenses and attorney fees reasonably necessary and incurred by plaintiffs to obtain the policy benefits in a sum to be determined at the time of trial.

25. Defendant's conduct described herein was intended by the defendant to cause injury to the plaintiffs, or was despicable conduct carried out by the defendant, with a willful and conscious disregard of the rights of plaintiffs, subjected plaintiffs to cruel and unjust hardship in conscious disregard of plaintiffs' rights, and was an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant, with the intention to deprive plaintiffs of property, legal rights or to otherwise cause injury, such as to constitute malice, oppression or fraud under CCP §3294, thereby entitling plaintiffs to punitive damages in an amount appropriate to punish, or set an example, of defendant.

### THIRD CAUSE OF ACTION

(ERISA Violation)

26. Plaintiffs refer to paragraphs 1 through 16 of the General Allegations, and paragraphs 18 through 20, inclusive, of the First Cause of Action, and incorporate those paragraphs as though set forth in full in this cause of action

27. Defendant's Policies have, at all times material, been an employee benefit plan established by an employer engaged in commerce or in any industry or activity affecting commerce within the meaning of 29 U.S.C. Section 1003(a)(1).

COMPLAINT

- 5

28. At all times, defendant and DOES 1 through 10, have been the administrator of the Policies.

29. Decedent was an eligible employee participant in defendant's Policies.

30. Decedent has fully complied with all the conditions in order to receive these benefits.

31. The decision by defendant that denied plaintiffs of the rights and benefits due plaintiffs under the Policies was arbitrary, illegal, capricious, unreasonable, and not made in good faith, and is breach of defendant's fiduciary duty owned to plaintiffs.

32. As a direct and proximate result of the actions of the defendant, plaintiffs have been caused to incur attorney's fees.

33. As a direct and proximate result of the actions of the defendant, plaintiffs have sustained damages in excess of $175,000.

WHEREFORE, plaintiffs pray for judgment against defendant, and each of them, as follows:

1. Damages for failure to provide benefits under the Policies, plus interest, including prejudgment interest, in a sum to be determined at the time of trial;

2. Punitive and exemplary damages in an amount appropriate to punish or set an example of defendant;

3. For expenses and attorneys' fees reasonably incurred to obtain the Policy benefits in a sum to be determined at the time of trial;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court deems just and proper.

Dated: June 7, 2007                         DYKMAN & WESTER, LLP

                                            BY _____
                                               MATTHEW D. BREKHUS
                                               Attorneys for Plaintiffs

COMPLAINT

- 6

**EXHIBIT 2**

1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICKI CAPRIO and DUANE A. BARBAROTTO as decedent Nicholas J. Barbarotto's Successors in Interest,<br><br>    Plaintiffs,<br><br>    v.<br><br>HARTFORD LIFE INSURANCE COMPANY dba THE HARTFORD and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>    Defendant.<br>_____/ | No. C 08-338 CW<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND |

Defendants Hartford Life Insurance Company and Hartford Life and Accident Insurance Company move to dismiss the complaint filed against them by Plaintiffs Vicki Caprio and Duane A. Barbarotto. Plaintiffs oppose the motion. The matter was taken under submission on the papers. Having considered all of the papers filed by the parties, the Court grants Defendants' motion to dismiss with leave to amend.

BACKGROUND

On June 7, 2007, Plaintiffs filed the complaint in this case, alleging that they are Nicholas Barbarotto's (Nicholas) successors in interest and bring their claims on that basis. Plaintiffs allege that Defendants issued an accidental death policy covering Nicholas and his wife Tamara Barbarotto (Tamara) and a separate accidental death policy covering only Tamara. Tamara was injured in an accident on July 2, 2002 and died as a result of those injuries on October 19, 2002. Plaintiffs allege that Nicholas filed timely claims under the policies but Defendants "failed to conduct a reasonable investigation and acted unreasonably, arbitrarily and capriciously in denying the claims." Complaint ¶ 16. Based on those allegations, Plaintiffs bring claims for breach of contract, breach of the duty of good faith and fair dealing and violation of the Employee Retirement Income Security Act (ERISA).

DISCUSSION

Res judicata, or claim preclusion, prohibits the re-litigation of any claims that were raised or could have been raised in a prior action. Western Radio Servs. Co., Inc. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997) (citing Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)). The purpose of the doctrine is to "relieve parties of the cost and vexation of multiple law suits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." Marin v. HEW, Health Care Financing Agency, 769 F.2d 590, 594 (9th Cir. 1985) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)). Res judicata

operates where there is "1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between parties." Western Radio, 123 F.3d at 1192 (citing Blonder-Tongue Lab. v. University of Ill. Found., 402 U.S. 313, 323-324 (1971)).

Defendants argue that Plaintiffs' claims are barred based on the doctrine of res judicata because a suit based on the same insurance claims was filed in this District naming Nicholas as plaintiff on February 22, 2006 (Nicholas Barbarotto v. Hartford Life Insurance Company, C 06-1278 CRB). This case was filed by counsel for Plaintiffs in the present case. On October 19, 2006, Judge Breyer entered an order pursuant to the parties' stipulation dismissing the 2006 suit with prejudice. Plaintiffs do not dispute that the 2006 suit and this suit involve the same insurance claims. Instead, Plaintiffs argue that the 2006 suit is a judicial nullity because it was filed after Nicholas died on February 14, 2006. Therefore, Plaintiffs argue, the dismissal of the 2006 suit is not a valid judgment for purposes of res judicata.

In Banakus v. United Aircraft Corporation, 290 F. Supp. 259 (S.D.N.Y. 1968), the plaintiff was injured in an airplane crash. Approximately half-an-hour before his attorney filed the complaint in the action, the plaintiff died. Plaintiff's wife, as administrator of his estate, filed a motion to amend the complaint to add a claim for wrongful death and to substitute herself as plaintiff. The New York court found that, because the plaintiff was dead when the action was filed, "it must be treated as a nullity and it cannot be given life by substituting parties and amending the complaint." Id. at 260. Therefore, the court denied

3

plaintiff's wife's motion without prejudice to her filing a wrongful death action.

Defendants argue that <u>Banakus</u> is distinguishable because Plaintiffs did not attempt to substitute themselves as plaintiffs in the 2006 suit. However, the <u>Banakus</u> court did not allow the plaintiff's wife to substitute herself as the plaintiff. Defendants also argue that <u>Banakus</u> is distinguishable because "plaintiffs have brought an identical action as successors in interest, and seek no new claims for relief." Reply at 4. However, Plaintiffs' complaint includes a claim under ERISA, which the 2006 suit did not. Moreover, <u>Banakus</u> is not binding authority on this Court and it is not clear that the addition of a new claim for relief was a key factor in the <u>Banakus</u> court's decision.

Defendants also cite <u>Esposito v. United States</u>, 368 F.3d 1271 (10th Cir. 2004), in support of their argument that the 2006 suit was not a nullity. In <u>Esposito</u>, the Tenth Circuit reversed the district court's dismissal of a wrongful death claim, which was mistakenly filed with the decedent as plaintiff, and its denial of the decedent's wife's motion to substitute as plaintiff. Both <u>Esposito</u> and <u>Banakus</u> permitted the decedent's representatives to pursue the decedent's claims.

Nonetheless, as Defendants argue, the three elements of <u>res judicata</u> are met in this case. Plaintiffs seek to bring claims identical to those dismissed with prejudice in the 2006 litigation. Moreover, there is privity between Nicholas and Plaintiffs, acting as his successors in interest. See <u>Headwaters Inc. v. United</u>

4

States Forest Serv., 399 F.3d 1047, 1053 (9th Cir. 2005) (privity exists between individuals and their successors in interest). Res judicata is not a discretionary doctrine. See Southern Ry. Co. v. Clift, 260 U.S. 316, 319 (1922) (noting that res judicata "supersedes [discretion] and compels judgment"). Although the 2006 suit did not include an ERISA claim, the ERISA claim in this case is also barred by res judicata because it could have been brought in the 2006 suit.

If Plaintiffs wish to pursue these claims, they must seek a judicial determination that the judgment entered in the 2006 suit is void because the case was a nullity when filed.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss (Docket No. 3), and grants Plaintiffs leave to amend. If Plaintiffs wish to file an amended complaint in this case, they shall within ten days of the date of this order file in the 2006 suit a motion to void the judgment pursuant to Federal Rule of Civil Procedure 60(b). Plaintiffs shall include in their motion facts related to Nicholas's death and the subsequent filing of the lawsuit in his name. In the interest of judicial economy, Plaintiffs shall also file a notice of related cases suggesting that Judge Breyer re-assign the 2006 suit to this Court. If the 2006 case is dismissed as a nullity, Plaintiffs may within ten days thereafter file an amended complaint in this case alleging that the 2006 case has been voided. In that event, they shall contact the clerk for a case management conference date. Otherwise, the

5

1 dismissal of this complaint will stand.  The case management
2 conference currently scheduled for April 22, 2008 is hereby
3 vacated.
4          IT IS SO ORDERED.

6 Dated:  4/15/08

_____
CLAUDIA WILKEN
United States District Judge