Barry F. Wester, Esq. (103588)
Matthew D. Brekhus, Esq. (119251)
DYKMAN & WESTER, LLP
790 Mission Avenue
San Rafael, CA 94901
Telephone: 415/454-8545
Facsimile: 415/454-8628

Attorneys for Plaintiffs
 VICKI CAPRIO and DUANE A. BARBAROTTO
 as decedent Nicholas Barbarotto's Successors in Interest

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT COURT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS J.BARBAROTTO, individually and as Trustee of the NICHOLAS J.BARBAROTTO Revocable Living Trust Agreement dated November 2, 2005,<br><br>Plaintiffs,<br><br>vs.<br><br>HARTFORD LIFE INSURANCE COMPANY a corporation doing business as THE HARTFORD and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY and Does 1 through 20, inclusive,<br><br>Defendants. | Case No.: C 06-1278 CW<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF**<br><br>**Civ. P. 60 (b)**<br><br>Judge: Claudia Wilken<br>Date: June 19 , 2008<br>Time: 2:00 p.m.<br>Ctrm: 2, 4th Floor |

**Personal Knowledge of the Declarant May Be Inferred**

Defendants challenge two statements in Plaintiffs' supporting declaration on the grounds that the declaration fails to establish a foundation of personal knowledge. Of course, Defendants do not challenge the veracity of the statements themselves. The statement in paragraph four regarding the trust document goes no further than what can be verified from the true and correct copy of the trust

1

1 document itself which is attached as an exhibit to the declaration. Defendants don't dispute that Nicholas Barbarotto is deceased, and as paragraph 6 of the declaration stated, Viki Caprio and Duane Barbarotto are the children of the deceased. As such, they would succeed to Nicholas Barbarotto's interests in the claim against Defendants.

Defendants object that Plaintiffs have failed to establish a foundation as to personal knowledge of the facts related in the statements described above. Personal knowledge of a witness or declarant can be established through the substance of his testimony itself without any separate foundation. *U.S. v. Rodriguez, 163 F.3d 135, 144 (1st Cir. 1998)* The declarant states that he was the attorney for Nicholas Barbarotto, individually and as trustee, and is now representing his children Viki Caprio and Duane Barbarotto. Certainly the court may infer that attorney in such a position would have personal knowledge of the trust document and the family relationships involved. Federal Rule of Evidence 602 requires only a minimal showing which can be based on the declarant's own testimony. Evidence is only inadmissible under Rule 602 if the court finds that the witness could not have observed or perceived that to which he testified to. *U.S. v. Rodriguez 163 F.2d at 144*

**Judgment is Void**

Defendants focus on the act of the attorney signing the dismissal but ignore the fact that the entire action is a nullity and the court did not have jurisdiction to render a judgment. An action in which the plaintiff dies before the complaint is filed is a judicial nullity. *Banakus v. United Aircraft Corp. 290 F. Supp. 259 (1968)* If the court determines that the judgment is void, the court must recognize that the judgment is a nullity and grant relief under Federal Rule of Civil Procedure 60 (b) (4). *Thos.P. Gonzalez Corp.v. Consejo Nacional de Costa Rica 614 F.2d 1247, 1256 (9th Cir. 1980)*

Dated: June 5, 2008

_____/S/_____
MATTHEW BREKHUS

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case 4:06-cv-01278-CW    Document 32    Filed 06/05/2008    Page 3 of 3