United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS BARBAROTTO, individually and as Trustee of the NICHOLAS J. BARBAROTTO REVOCABLE LIVING TRUST AGREEMENT dated November 2, 2005,<br><br>    Plaintiff,<br><br>  v.<br><br>HARTFORD LIFE INSURANCE COMPANY dba THE HARTFORD; and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>    Defendant. | No. C 06-1278 CW<br><br>ORDER GRANTING MOTION TO VOID THE JUDGMENT |

On February 22, 2006, this case (2006 case) was filed on behalf of Nicholas Barbarotto, based on the denial of claims filed under two different insurance policies issued by Defendants Hartford Life Insurance Company and Hartford Life and Accident Insurance Company. The case was subsequently dismissed with prejudice by stipulation of the parties.

In late 2007, Vicki Caprio and Duane A. Barbarotto filed in state court a related action against Defendants Hartford Life Insurance Company and Hartford Life and Accident Insurance Company, which was later removed to this Court, Caprio et al. v. Hartford Life Ins. Co., C 08-338 CW (2008 suit). Defendants filed a motion

to dismiss, arguing that Caprio and Duane Barbarotto's claims were barred by res judicata because of the judgment entered in this 2006 case.

In their opposition to the motion to dismiss the 2008 suit, Caprio and Duane Barbarotto argued that this 2006 case is a judicial nullity because Nicholas Barbarotto, purported Plaintiff in this case, died before the complaint was filed. Therefore, Caprio and Duane Barbarotto argued, the parties' stipulated dismissal with prejudice in this case should not serve as a final judgment on the merits for purposes of res judicata.

The Court granted Defendants' motion to dismiss the 2008 suit and granted Caprio and Duane Barbarotto leave to amend. The Court instructed that, if they wished to pursue the claims in the 2008 suit, Caprio and Duane Barbarotto must seek a judicial determination that the judgment entered in this 2006 case is void because this case was a nullity when filed. In particular, the Court allowed Caprio and Duane Barbarotto to file in this case a motion to void the judgment pursuant to Federal Rule of Civil Procedure 60(b) and instructed them to include in the motion facts related to Nicholas Barbarotto's death and the subsequent filing of this suit in his name.

Caprio and Duane Barbarotto have now filed such a motion. Despite the Court's explicit instructions, they have not included any facts explaining why the 2006 case was filed in Nicholas Barbarotto's name after his death. Moreover, neither Caprio and Duane Barbarotto nor Defendants provide further insight into the decision to dismiss with prejudice the claims in the 2006 suit.

2

Defendants oppose the motion arguing that (1) Caprio and Duane Barbarotto have not established that they have standing and (2) no competent evidence has been filed to support a finding that the judgment should be voided.

I. Standing

Caprio and Duane Barbarotto do not respond to Defendants' argument that they "have not submitted any admissible evidence with their moving papers to demonstrate that they meet Article III's standing requirements to prosecute this action." Opposition at 5. However, it appears that, as Nicholas Barbarotto's children, Caprio and Duane Barbarotto are successors in interest to Plaintiff in this 2006 case. Moreover, Caprio and Duane Barbarotto do not seek to prosecute this 2006 action. Rather they seek a judicial determination that the judgment entered in this case, which was void from its inception, is void.

II. Factual Support

Defendants next argue that Caprio and Duane Barbarotto have failed to present competent evidence to support a finding that the judgment is void. However, Defendants cite a lack of explanation for Nicholas Barbarotto's counsel's[1] mishandling of this case rather than a lack of support for a finding that the case was void at its inception. Indeed, Caprio and Duane Barbarotto have presented a death certificate establishing that Nicholas Barbarotto died on February 14, 2006, eight days before this case was filed.

---

[1] The attorney who filed this 2006 case in Nicholas Barbarotto's name also represents Caprio and Duane Barbarotto in the 2008 case.

3

III. Alternative Remedy for Caprio and Duane Barbarotto and Prejudice to Defendants

Finally, Defendants argue that if the judgment is not voided, Caprio and Duane Barbarotto can still seek relief by bringing an action against their attorney who stipulated to dismiss this 2006 case with prejudice. On the other hand, Defendants argue, if the judgment is voided, Defendants will be prejudiced because they will be forced to incur fees and expenses to litigate a case that was previously dismissed with prejudice. However, such prejudice to Defendants cannot override the fact that this case was void from the outset.

CONCLUSION

For the foregoing reasons, the Court GRANTS Caprio and Duane Barbarotto's motion to void the judgment in this 2006 case (Docket No. 23). Within ten days of the date of this order, Caprio and Duane Barbarotto may file an amended complaint in the 2008 case consistent with the Court's instructions in the April 15, 2008 order in that case. If Defendants believe that it is necessary to allay prejudice to them and they are so entitled, Defendants can move for sanctions for the expenses caused by the dismissal with prejudice in this case.

The hearing scheduled for June 19, 2008 is hereby VACATED.

IT IS SO ORDERED.

Dated: 6/17/08

CLAUDIA WILKEN
United States District Judge

4